In the Matter of CAROLYN R. PECK, Appellant, v. PARKER J. STONE, Respondent.

Fourth Department, October 30, 1969.

*Richard A. Ellison* for appellant.

*Carl W. Peterson, Jr., Corporation Counsel (James D. Fitzpatrick* of counsel), for respondent.

*Faith A. Seidenberg* for American Civil Liberties Union, amicus curiæ.

GABRIELLI, J. This is an appeal from a judgment of the Supreme Court at Special Term (FARNHAM, J.), entered March 4, 1969 in Onondaga County, which dismissed petitioner's application, in a proceeding under article 78 of the CPLR, to vacate an order made by respondent as Judge of the City Court of Syracuse, Onondaga County.

On October 3, 1968 petitioner, a young female attorney, appeared before respondent as counsel for an indigent defendant. Prior to the commencement of any proceedings on behalf of the client, respondent made an order prohibiting petitioner from appearing as an attorney in his court until petitioner's mode of dress was "suitable, conventional and appropriate". The record discloses that petitioner was wearing a dress, the hemline of which was approximately five inches above the knee. We are called upon to determine whether respondent's order was arbitrarily made and whether he exceeded his authority in prohibiting petitioner from reappearing in his court in similar attire.

It is well to observe that the record fails to show that petitioner's appearance in any way created distraction or in any manner disrupted the ordinary proceedings of the court. There is no suggestion that petitioner's dress was so immodest or revealing as to shock one's sense of propriety. Neither is it urged by respondent that the continued appearance by petitioner, so garbed, would create any distraction. In fact, with understandable candor, respondent's counsel admitted that no such claim was made, and, further that her appearance did not create a disruptive condition. Furthermore the record demonstrates that during appellant's colloquy with the court she was at all times respectful, reserved and at no time could her demonstrated attitude in any manner be considered contrary to her ethical responsibilities as an officer of the court. Petitioner asserts, without contradiction, that she appeared similarly dressed in Federal Court and the Appellate Division, Second Department upon her admission to the Bar in December, 1967, as well as in the Supreme Court and other State courts, without objection or comment.

In this posture of the record we are, in effect, being called upon to determine as a matter of law whether a female attorney, so garbed, may be prevented from appearing in court in the pursuit of representing her client's interests. There is nothing in the record to support the court's determination that petitioner's mode of dress was unsuitable, unconventional or inappropriate. She was not afforded an opportunity to be heard on this question and we must conclude that the order was made because of petitioner's appearance in court in a " mini-skirt ". We cannot say, as a matter of law, that her mode of dress was unsuitable, unconventional or inappropriate. Upon the facts displayed in the record, we are unable to conclude that respondent's inherent discretionary authority was properly exercised.

In reaching any determination involving such a sensitive matter as evidenced by the facts here presented, the test to be applied is not what the court personally thinks, but whether there is a reasonable basis for the determination made. Whatever may be one's personal judgment as to the propriety of petitioner's dress, we are compelled to conclude that it has become an accepted mode of dress, not only in places of business or recreation, but, to the consternation of some, in places of worship. In assessing a given situation to determine whether a discretionary power has been improvidently exercised, we emphasize the time-honored rule of the requirement that the facts of each case must be examined with particular regard to

these powers. In this connection we are presented with a record showing no lack of respect for the court and indeed, as conceded upon the argument, a complete lack of distraction or disruption caused by petitioner's appearance.

A Judge must have and does possess the power to enforce order and control behavior in the courtroom; and, as an officer of the court, an attorney is subject to the control and direction of the Judge (*People ex rel. Karlin* v. *Culkin*, 248 N. Y. 465). The Judge is properly given broad discretionary powers in the regulation of his courtroom; and so it should be. Furthermore, membership in the Bar is a privilege burdened with conditions and while certain conditions of conduct may be imposed by a Judge, the imposition of any such rule must bear a reasonable relationship to contemporary conditions and ought to be imposed only after there is a reasonable foundation for the need of any rule.

In becoming an officer of the court, an attorney becomes an instrument or agency to advance the ends of justice. Thus it is required that there be co-operation with the court whenever justice would be adversely affected if co-operation were withheld. While such is the responsibility of an attorney and while it is the duty of a Judge to preserve order and to insure that justice is not obstructed, it nonetheless follows that any order or regulation imposed upon attorneys practising before him, must be based upon factual conditions which leave no doubt that a continuance of the proscribed conduct will result in a disrespect for order and an impairment in the administration of justice. To this end, therefore, any such order or rule must have a reasonable or plausible basis, else this discretionary power is subject to being declared arbitrarily exercised.

Respondent's order gives no indication as to what mode or type of dress would meet the requirement of "suitable, conventional and appropriate". While we do not suggest that every matter or condition which is the subject of the discretion of the Judge must be controlled by specific standards, any such directive or order should be defined in such a fashion that it may be clearly understood, to the end that compliance therewith may not be thwarted because of inexactitude or misunderstanding.

We are mindful of respondent's sincerity in his desire to conduct his court with propriety and we are convinced of the well-intentioned motives in the issuance of his order, but we must conclude that on the basis of the record before us, respondent's discretion in this matter was improvidently exercised and the judgment appealed from should be reversed, and the determination of respondent annulled.

DEL VECCHIO, J. (dissenting). Petitioner, a 27-year-old female attorney, was admitted to practice in December, 1967. In the spring of 1968 she appeared before a City Court Judge and a Justice of the Supreme Court, each of whom admonished her for wearing a miniskirt as inappropriate for courtroom appearance. On July 17, 1968 she appeared before respondent, another City Court Judge, who also questioned her propriety in wearing a miniskirt in his court. She admitted to him that she had not complied with the request of the Justice of the Supreme Court to lower the hemline to above the knee. On October 3 she again appeared before respondent wearing the same type of miniskirt in defiance of this Judge's request and displaying complete disrespect for the other Judges' admonitions. At that time respondent said that her dress '' is not suitable for courtroom appearance, which detracts from the dignity of the court and impairs authority.'' He also directed her not to appear before him as an attorney in court '' until her dress is suitable, conventional and appropriate in keeping with her position as an officer of the court.''

In this proceeding petitioner contends (1) that the Judge lacked jurisdiction to issue the directive and (2) that his action was arbitrary and capricious. In answer to the petition, respondent states that on both occasions when she appeared before him petitioner's dress was '' extremely and excessively short '', was unconventional and not consistent with the dignity of the court. He attached minutes of both proceedings and a photograph which accurately depicts her appearance at the times in question, showing the hemline to be much more than five inches above the knee.

It is well settled that courts have inherent power and control over their own officers, including attorneys, (*Matter of Niagara, Lockport & Ontario Power Co.,* 203 N. Y. 493, 494) and that there is an inherent power in the court to preserve order and decorum in the courtroom, to protect the rights of parties and witnesses, and generally to further the administration of justice. (*People* v. *Jelke,* 308 N. Y. 56, 63; *Wells* v. *Gilliam,* 196 F. Supp. 792; cf. *Matter of Knapp,* 85 N. Y. 284, 292.) The City Court Judge's directive was clearly an exercise of this power. In reversing the order from which the appeal was taken, the majority conclude that respondent's inherent discretionary authority was improperly exercised. I disagree.

Since the court had jurisdiction to make the directive, petitioner, in order to succeed in this proceeding, must establish that the determination was arbitrary and capricious.

As an officer of the court, petitioner was subject to certain rules of conduct stated in the Canons of Professional Ethics. Her '' co-operation with the court was due whenever justice would be imperilled if co-operation was withheld.'' (*People ex rel. Karlin* v. *Culkin,* 248 N. Y. 465, 471.)

An unusual, immodest and exaggerated mode of dress *which was a conspicuous departure from accepted courtroom custom in Syracuse, New York in early 1968* could result in the distraction of others and could disrupt and impede the maintenance of a proper courtroom atmosphere and decorum. (Cf. *Leonard* v. *School Committee of Attleboro,* 349 Mass. 704, 709–710.) In light of the statements made by the Judge it is reasonable to infer that he had observed that petitioner's dress and appearance had a disturbing effect and was distracting from the dignity and decorum of the court on both occasions, thereby providing a plausible basis for the determination. In describing the dress for the record, petitioner said, '' It's a one-piece dress, gray and white that, I guess, is about five inches above my knee, the hemline.'' The photograph, Exhibit A, shows that the hemline was substantially higher when she was in a sitting position, as she would be for most of the time while in the courtroom, and that it revealed substantially more of the human frame than is customarily displayed in a courtroom; this exhibit furnishes a reasonable basis for respondent's observation that petitioner's dress detracts from the dignity of the court and justifies the mandate to petitioner.

Reasonable men may differ as to the appropriateness of petitioner's dress for courtroom appearance. The mere existence of differences of opinion, however, would not warrant a finding by this court that the Judge's determination was arbitrary and capricious. (*Matter of Strauss* v. *Hannig,* 256 App. Div. 662, 664, affd. 281 N. Y. 612.) Moreover, we should not substitute our judgment for the discretionary judgment of another Judge unless it was clearly arbitrary and capricious. (*Matter of Diocese of Rochester* v. *Planning Bd. of Town of Brighton,* 1 N Y 2d 508, 520.) '' The terms ' arbitrary ' and ' capricious ' mean willful and unreasoning action, without consideration of and in disregard of the facts and circumstances of the case, and action is not ' arbitrary ' or ' capricious ' when exercised honestly and upon due consideration, where there is room for two opinions, however much it may be believed that an erroneous conclusion was reached.'' (*Matter of Monachino* v. *Rohan,* 13 Misc 2d 729, 730.) Certainly, respondent's determination was not arbitrary or capricious under this test, particularly when it

conformed with the opinions of two other members of the Bench who had made similar observations to petitioner.

The majority places much reliance upon the fact that the record fails to disclose any proof that petitioner's dress caused any distraction or in any way disrupted the proceedings of the court. This is what was conceded upon the argument. However, no proof of distraction need be given. The Judge acted upon his own knowledge to vindicate the dignity of the court. That knowledge takes the place of proof and the statement in his answer, together with the recital in the directive, petitioner's description of her dress and the photograph, are a sufficient demonstration of a basis for his action. (Cf. *Matter of Douglas* v. *Adel*, 269 N. Y. 144, 147.)

Furthermore, I do not believe a showing of disruption is necessary to uphold respondent's ruling. Respondent himself did not base his order on such a finding. As a Judge presiding over a part of City Court respondent was charged with the duty and obligation of preserving order and decorum in the courtroom and of furthering the administration of justice. In carrying out this duty the Judge had broad discretion to determine what might be permitted in the courtroom and what must be prohibited if fair and proper judicial proceedings were to be had. In exercising this discretion he was entitled to use the power of anticipation and to prohibit in advance conduct which might foreseeably corrupt courtroom procedure. He was not required to wait until decorum had been diminished, the judicial process had been disrupted and the right of a party had been prejudiced by the appearance of an attorney in garb which might normally be expected to divert the attention of persons in the courtroom from the proceedings there being conducted. Rules of similar purpose — prohibiting reading newspapers in court, barring persons wearing overcoats and hats from the courtroom, requiring witnesses to wear jackets and not to chew gum — are enforced and obeyed in courts across the State.

For the reasons discussed, I conclude that the determination was not arbitrary or capricious and that there was a reasonable, rational and plausible basis for respondent's directive. Accordingly, it should not be disturbed by this court.

GOLDMAN, P. J., WITMER and MOULE, JJ., concur with GABRIELLI, J.; DEL VECCHIO, J., dissents and votes to affirm in opinion.

Judgment reversed and respondent's determination annulled, without costs.