Jones, J. (dissenting).
In my view it was error for the Appellate Division to conclude that it had no jurisdiction to entertain this article 78 proceeding.
Petitioner as assigned counsel in a criminal action made an application to the trial court for compensation under section 722-b of the County Law. The Trial Judge made an allowance with which petitioner was not satisifed. Petitioner then instituted the present proceeding under CPLR article 78 for judicial review of the Judge’s determination. In my view in fixing petitioner’s compensation the Judge was acting in an adminis *628 trative rather than a judicial capacity. True, the determination was related to the particular criminal action in which the services had been rendered, but the determination had no effect on the parties to that action, determined no rights therein, and was legally independent thereof.
Petitioner’s application for review is not precluded by any of the three limitations of CPLR 7801. Since the allowance granted petitioner was below the statutory maxima no procedures were available for administrative review of the allowance, as, by contrast, would have been available had the amount fixed been in excess of such maxima (see People v Perry, 27 AD2d 154, 162). Thus the Judge’s determination was final. Secondly, the determination could not be adequately reviewed by appeal since remedy by way of appeal does not lie (Matter of Fisher v Schenck, 39 AD2d 813). Finally, the determination was not "made in a civil action or a criminal matter”. (Cf. Matter of Peck v Stone, 32 AD2d 506.)
Nor does the application contravene the traditional inhibition that article 78 proceedings do not lie for the recovery of money damages except as provided in CPLR 7806. Petitioner here seeks a review of the determination of the amount to which he is entitled, not an order directing its payment. Indeed the court would have no jurisdiction in any event to enter such an order. Surely payment is not to be made by the respondent personally, and he is the only other party to the proceeding; the City of New York, the eventual payor, is not a party.
I would therefore conclude that the Appellate Division had jurisdiction to entertain this article 78 proceeding. On the other hand, whether in the exercise of its discretion it should entertain such a proceeding in these circumstances, and what might be the extent of what I would conceive to be a very limited scope of review were such proceeding to be entertained (if indeed it can be said that the Legislature intended that there be any judicial review of allowances under § 722-b), are discrete issues which are not before us on the present appeal.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler and Fuchsberg concur in Per Curiam opinion; Judge Jones dissents and votes to reverse in a separate opinion in which Judge Cooke concurs.
Judgment affirmed.