■ Kay A. Young, as Trustee, Plaintiff, v Oak Crest Park, Inc., et al., Defendants. (Action No. 1.) C. William Mayer, Plaintiff, v Kay A. Young, as Trustee, Appellant, and Charles H. Dietz et al., Respondents. (Action No. 2.) (And Three Other Actions.)—Appeal from an order of the Supreme Court at Special Term, entered December 15, 1978 in Schoharie County, which denied appellant's motion to disqualify Nicholas J. Grasso, as attorney for respondents. The merits of these five actions are not at issue here and only a brief account of the facts is necessary for the purposes of this appeal. The respondents, Mr. and Mrs. Dietz, were the owners of certain real property and stock in the corporation that managed the property. They

were desirous of retaining an interest income from the property but on the occasion of the death of the survivor wanted the property to pass to Brigham Young University. Toward that end they executed a charitable unitrust agreement on March 23, 1973, under the terms of which they conveyed the property, in trust, to the Deseret Trust Company, a company organized under the laws of the State of Utah. The instrument also provided that, if Deseret were not qualified to act in a jurisdiction, it could designate a qualified person to act in its behalf in that State. Since Deseret was not qualified in this State, the company appointed the appellant, Kay A. Young, as the subordinate trustee. Thereafter, on August 29, 1973, appellant contracted to sell the corporate stock and real property to a Mr. Mayer, and within a short time after the sale was consummated, legal complications arose which spawned these five actions. Early in 1974 the respondents retained a Mr. Grasso as their attorney and, concededly, there were discussions between the respondents, the appellant and Grasso. In a letter dated March 13, 1974 to Grasso, Young acknowledged that Grasso represented the respondents. Grasso was retained to represent the respondents and is still so engaged. In this proceeding, appellant seeks to have Grasso disqualified contending that Grasso represented him during some phases of the litigation and that if Grasso is permitted to continue representing the respondents, appellant will be prejudiced by reason of disclosures made to Grasso by the appellant when Grasso was his attorney. Grasso vehemently denies that he ever served as appellant's attorney and asserts he never indicated to appellant or anyone that he was appellant's attorney. Where the facts warrant it, a motion, such as this, may be entertained by the court in which a particular action is pending to disqualify an attorney from appearing or further participating therein as an attorney for a party (see *Matter of Huie,* 2 AD2d 163). The function of the court on such a motion is restricted to the taking of such action as may be necessary to insure a proper representation of the parties and fairness in the conduct of the litigation *(Renault, Inc. v Auto Imports,* 19 AD2d 814). Moreover, in such a proceeding the burden is upon the one seeking disqualification of the adversary attorney because of the strong public policy to allow persons to retain counsel of their choice (cf. *Government of India v Cook Inds.,* 569 F2d 737, 739) and because in many cases, as here, disqualification of counsel would cause severe prejudice to the client, who would have to secure new counsel to deal with somewhat complex litigation with the accompanying increased expense and loss of time. We conclude that the appellant has failed utterly to sustain his burden. Most of the alleged confidences he claims to have revealed to Grasso were such as to have been within the knowledge of respondents and others and are so general in nature as to obscure any reason why they are damaging to his stance in the litigation. Furthermore, they were allegedly revealed to Grasso when appellant knew that Grasso had been retained by and was acting for the respondents and no prejudice to the appellant is demonstrated. While it is not essential to the establishment of an attorney-client relationship that the client be billed or that a fee arrangement be made, it is conceded here that no retainer was paid or charged, no bill was submitted and no fee of any kind was paid. Such facts give rise to a permissible inference that no such relationship existed because claimant makes no claim that services were to be gratuitously rendered. Lastly, we note that the appellant waited almost four years after initiating the first of these actions before making the instant motion and offers no explanation whatever for this delay. Such conduct certainly belies any genuine claim of prejudice. Appellant's unexplained and unreasonably lengthy delay, the

complete absence of any showing of prejudice and the lack of credible evidence showing the existence of an attorney-client relationship clearly justified Special Term's decision to deny the appellant's motion. Order affirmed, with costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.