■ MACRO CASH AND CARRY CORP. et al., Appellants, v MARTIN I. BERKMAN, Respondent, et al., Defendant. — Order, Supreme Court, New York County, entered January 2, 1981, unanimously reversed, on the law and the facts and in the exercise of discretion, with costs, and the motion to disqualify plaintiffs' attorneys is denied. Defendant-respondent, an individual being sued in connection with an aborted joint venture, has claimed that, by reason of prior professional relationship with a member of the law firm presently representing plaintiff-appellant in this suit, that firm is disqualified from employment in this case. "In such a proceeding the burden is upon the one seeking disqualification of the adversary attorney because of the strong public policy to allow persons to retain counsel of their choice [citation] and because in many cases, as here, disqualification of counsel would cause severe prejudice to the client, who would have to secure new counsel to deal with somewhat complex litigation with the accompanying increased expense and loss of time." *(Young v Oak Crest Park,* 75 AD2d 956, 957.)

That burden has not been met. Movant has recited a meeting with that lawyer some time ago, completely unrelated to this litigation or to any party thereto. Some unbilled advice was given. Movant has not indicated even in the slightest that the subject matter of their brief conversations concerned anything remotely connected with this case. "We do not find any basis for disqualification. No showing whatsoever has been made of any substantial relationship between the issues of this litigation and the subject matter of the prior representation" *(Ashbaugh v West 13th St. Owners,* 77 AD2d 842). The order of disqualification was improvidently granted. Concur — Kupferman, J.P., Sandler, Sullivan, Ross and Markewich, JJ.