300

In the Matter of WALTER E. MOXHAM, JR., et al., Petitioners, v CHARLES J. HANNIGAN, as Judge of the Niagara County Court, Respondent.

Fourth Department, October 29, 1982

APPEARANCES OF COUNSEL

*Miskell & Moxham* (*Walter Moxham* of counsel), for petitioners.

*Robert Abrams, Attorney-General* (*James L. Kennedy* of counsel), for respondent.

**OPINION OF THE COURT**

SCHNEPP, J.

In this CPLR article 78 proceeding petitioners seek to nullify an order of respondent, a County Court Judge, which prohibited petitioner Walter E. Moxham, Jr., from representing petitioner Randy L. Zimmerman in a Niagara County criminal proceeding because of his employment as a part-time Assistant County Attorney, and which ordered Zimmerman to retain other counsel. We conclude that prohibition lies, that Moxham's employment does not ethically preclude him from representing Zimmerman and that the order of disqualification violates Zimmerman's Sixth Amendment right to counsel of his choice.

The essential facts are not in dispute. Moxham is a duly licensed attorney and a part-time Assistant County Attorney assigned to the Niagara County Department of Social Services. He is also a partner in the law firm of Miskell and Moxham which is engaged in the general practice of law. Moxham as a part-time Assistant County Attorney works solely for and is paid by the Niagara County Department of Social Services. He was appointed pursuant to section 66 of the Social Services Law* which authorizes the County Legislature to appoint attorneys to perform duties considered necessary to carry out the provisions of the Social Services Law and provides that they may be deputized by the County Attorney to perform duties on his behalf in connection with the work of the Social Services Department.

In February, 1981 Moxham received a directive from respondent, the Honorable Charles J. Hannigan, and the Honorable Aldo L. Di Florio, Niagara County Court Judges, which prohibited Assistant County Attorneys, their partners and associates from representing defendants in criminal proceedings in Niagara County Court. The directive was based on opinions of the New York State Bar Association Committee on Professional Ethics, holding that such representation creates an appearance of impropriety and is improper. In September, 1981 Moxham was retained by Zimmerman to represent him in pending criminal matters.

In proceedings before Judge Hannigan instituted by petitioners to review the directive and to obtain approval of Moxham's representation of Zimmerman, Moxham argued that, since his position as an Assistant County Attorney relates solely to the Department of Social Services, no reasonable person could find any appearance of impropriety in his representation of a defendant in criminal proceedings in Niagara County Court. Judge Hannigan ruled that Moxham was disqualified from representing Zimmer-

---

* Subdivision 1 of section 66 of the Social Services Law provides as follows: "The legislative body of the county may authorize the appointment of * * * employees, *including attorneys to perform duties it considers necessary to carry out the provisions of this chapter.* However, such legislative body may also authorize that such attorneys, in addition to performing the duties assigned to them by the county commissioner, may be deputized by the county attorney to perform duties on his behalf *in connection with the work of the social services department.*" (Emphasis added.)

man due to the appearance of impropriety created by Moxham's part-time employment. There is no suggestion that a conflict of interest exists. This CPLR article 78 proceeding in the nature of prohibition ensued.

The law is clear that the extraordinary remedy of prohibition lies only where a body or officer acts without jurisdiction or exceeds its authorized powers in a proceeding over which it has jurisdiction (*Matter of Nicholson v State Comm. on Judicial Conduct,* 50 NY2d 597, 605-606; *La Rocca v Lane,* 37 NY2d 575, 578-579, cert den 424 US 968; *Matter of State of New York v King,* 36 NY2d 59, 62-65). Prohibition is not mandatory, but may issue in the sound discretion of the court. In exercising this discretion the court should give consideration to the gravity of the harm caused by the alleged excess of power and the availability of an adequate remedy (*Matter of Nicholson v State Comm. on Judicial Conduct, supra,* p 606; *La Rocca v Lane, supra,* p 579). Prohibition is not available to correct mere errors of law, procedural or substantive, in litigation; but it is an appropriate means to prevent an arrogation of power which violates a person's rights, particularly fundamental constitutional rights (*Matter of Nicholson v State Comm. on Judicial Conduct, supra,* p 606; *La Rocca v Lane, supra,* p 580). Where an arguable and substantial claim of such an excess of power has been made, prohibition will generally lie (*Matter of Nicholson v State Comm. on Judicial Conduct, supra,* p 606; *La Rocca v Lane, supra,* p 581).

It cannot be disputed that a Judge has the overriding duty to preserve the integrity and honor of the judicial system. He possesses the power to enforce order and control behavior and has the authority to regulate the conduct of attorneys in his courtroom (see *Matter of Peck v Stone,* 32 AD2d 506, 508). He possesses the jurisdiction to determine whether an attorney should be disqualified from a case based on a violation of the Code of Professional Responsibility (see *Matter of Erlanger* [*Erlanger*], 20 NY2d 778; *Young v Oak Crest Park,* 75 AD2d 956; see, also, 22 NYCRR Part 100). The claim here, however, is that Judge Hannigan's order disqualifying Moxham from representing Zimmerman has arbitrarily deprived Zimmerman of his constitutional right to counsel of his choice. This claim

seeks to vindicate a right which has been declared fundamental because it serves many critical needs, paramount of which "is the need for a defendant to be willing to confide freely and fully in his attorney so that the channels of communication and advice between counsel and his client may remain free-flowing and unobstructed." (*People v Arroyave,* 49 NY2d 264, 270, 273.) There is no suggestion that Zimmerman insists upon his choice of Moxham for tactical reasons, or that he is attempting to delay the proceedings (cf. *Matter of Bloom v Clyne,* 69 AD2d 956), or otherwise interfere with the orderly pursuit of justice (cf. *People v Sawyer,* 57 NY2d 12). He has presented a substantial and arguable claim that Judge Hannigan has acted in excess of his powers, effectively depriving him of his Sixth Amendment right to choice of counsel. We hold that such deprivation of a fundamental right is cognizable under, and may be redressed in, a CPLR article 78 proceeding.

Moxham also petitions to curb Judge Hannigan's alleged unlawful exercise of power. In *Matter of Palmer v Hannigan* (83 AD2d 791) we declined to address a claim similar to Moxham's because the defendant there did not express a continued desire to retain the petitioner-attorney after Judge Hannigan disqualified him. This obstacle is not present here since Zimmerman is a party to this proceeding and has submitted an affidavit expressing his continued desire to retain Moxham as his attorney. Moxham should not be compelled to test the alleged arbitrariness of Judge Hannigan's action by proceeding in contempt of court and habeas corpus, and an appeal in the criminal action is not an adequate remedy (see *La Rocca v Lane, supra,* pp 581-582). We, therefore, also entertain his petition.

Turning then to the merits, we note that the initial directive prohibiting part-time Assistant County Attorneys from representing defendants in criminal proceedings was based on rulings of the New York State Bar Association Committee on Professional Ethics that such representation was violative of Canon 9 of the Code of Professional Responsibility (NY State Bar Assn, Professional Ethics Committee, Opn No. 367 [1974]; Opn No. 278 [1973]; Opn No. 257 [1972]). The basis of these opinions is that the

County Attorney is required to prosecute and defend all actions of a civil nature brought by or against any county officer who is compensated with public funds and, thus, charged by statute with the duty to represent, *inter alia,* the District Attorney, the Sheriff and the Probation Department (see County Law, § 501). In the eyes of the public, he is a representative of the People. When a County Attorney appears as counsel in a criminal proceeding the impression may be created that the defendant is seeking or will gain some private advantage with those county officials and the representation may give the appearance of impropriety. Since the Code of Professional Responsibility enjoins lawyers to "promote public confidence in our system and in the legal profession" and to "avoid even the appearance of professional impropriety" (Canon 9, EC 9-1, 9-2), representation of a criminal defendant by a County Attorney is improper. The foregoing principles have been applied by the Bar Association to part-time Assistant County Attorneys appointed pursuant to section 502 of the County Law, since they perform duties as directed by the County Attorney and may assume his powers and duties in his absence or inability (County Law, § 502, subds 2, 3).

The Bar Association is validly concerned with the appearance of impropriety created by a part-time Assistant County Attorney's representation of a defendant in a criminal proceeding. Such representation could lessen public confidence in the integrity and impartiality of our system of administering criminal justice. Any action by Judge Hannigan in responding to and applying these principles in his courtroom would be proper and in furtherance of his obligation to preserve and enhance the honor and integrity of the judicial system.

In this case, however, Moxham was not appointed to his position pursuant to section 502 of the County Law but pursuant to section 66 of the Social Services Law which specifically restricts his duties to those related solely to the Social Services Department. He works as a "welfare attorney" and has been deputized by the County Attorney to perform duties which are limited to the drafting of resolutions in behalf of the Department of Social Services for submission to the County Legislature. He receives his

assignments and job duties from the Commissioner of the Niagara County Department of Social Services, not from the County Attorney. He is listed on the personnel roster of the Social Services Department and is paid from their budget, for which a 75% reimbursement is received from the State and Federal Governments. His Social Services office is located in the Lockport office of the Social Services Department; not in the office of the County Attorney. There is no suggestion that he has appeared publicly as a representative of any county law enforcement agency. In any event, any duty assigned to him by the County Attorney involving the District Attorney's office, or any other county department, would be contrary to the statutory authority that created the position which he holds.

Thus, the appearance of impropriety is not substantiated by the facts. The employment of Moxham as a part-time Assistant County Attorney under the circumstances here renders it highly improbable that any member of the public would assume that his retention as an attorney in a criminal matter would gain his client any advantage in the criminal justice system. Judge Hannigan's automatic disqualification of Moxham and his interference with Zimmerman's right to counsel of choice was based on the fact of Moxham's part-time employment without giving consideration to the nature of his duties and responsibilities.

The right to counsel of choice is not to be lightly or arbitrarily interfered with by a trial court (*People v Gomberg,* 38 NY2d 307, 312-313). As stated in *United States v Kitchin* (592 F2d 900, 903, cert den 444 US 843), an attorney should not be disqualified from representing a criminal defendant unless there is a reasonable possibility that some specifically identifiable impropriety will occur, or where, in the light of the interests underlying the standards of ethics, the social need for the ethical practice outweighs the party's right to counsel of choice. A trial court should not arbitrarily and without compelling reason, interfere with the right of a criminal defendant to choose his own counsel (see *Matter of Taylor,* 567 F2d 1183, 1191).

A balance must be achieved between the coexistent interest of our system of justice on the one hand and the

right to freely choose counsel on the other. In this case neither a specific impropriety nor a compelling public interest has been identified which can outweigh the fundamental right of Zimmerman to counsel of his choice. Accordingly, the order prohibiting Moxham from representing Zimmerman should be reversed, the petitions of Moxham and Zimmerman should be granted and a writ of prohibition should issue prohibiting Judge Hannigan from disqualifying Moxham from representing Zimmerman in the criminal proceeding in question.

DILLON, P. J., HANCOCK, JR., DENMAN and MOULE, JJ., concur.

Petitions unanimously granted, without costs.