OPINION OF THE COURT
Leo F. Hayes, J.
On September 4, 1979, Chief City Court Judge Jack J. Danella informed the petitioner attorneys that they could not represent defendants in criminal or traffic court matters in the Utica City Court. Judge Danella felt that it would be improper for the petitioner attorneys, who represent the city police union in collective bargaining negotiations, to appear on behalf of defendants in the criminal or traffic parts of the Utica City Court.
In accordance with the directive of the former Chief City Court Judge, Judge Garramone informed the petitioner attorneys on October 25, 1982, that they could not represent the above petitioner Charles H. Rebeck in a criminal proceeding pending in the Utica City Court.
Petitioners have brought this CPLR article 78 proceeding asking for relief in the nature of a writ of prohibition. They want this court to rescind the September 4, 1979, *882 directive of Judge Danella and further seek permission to represent the petitioner Rebeck in the Utica City Court. The first question is whether such a challenge can be mounted in an article 78 proceeding.
It is said that prohibition is a discretionary remedy which lies only where an officer exceeds his authorized powers (Matter of Nicholson v State Comm. on Judicial Conduct, 50 NY2d 597, 605-606; La Rocca v Lane, 37 NY2d 575, 578-579). The court’s discretion is guided by the gravity of the harm caused by the alleged excess of official power and the availability of an adequate remedy (Matter of Nicholson v State Comm. on Judicial Conduct, supra, p 606; La Rocca v Lane, supra, p 579). Prohibition may be used to test a claim involving violations of fundamental constitutional rights (Matter of Nicholson v State Comm. on Judicial Conduct, supra; La Rocca v Lane, supra).
Judge Danella was obviously concerned about maintaining the integrity of the administration of criminal justice in his court. A Judge has the power and the duty to preserve the integrity of the judicial system, and to that end may regulate the conduct of attorneys in his courtroom (Matter of Peck v Stone, 32 AD2d 506, 508). This power includes the authority to determine whether an attorney has run afoul of the Code of Professional Responsibility (Matter of Erlanger [Erlanger], 20 NY2d 778; Young v Oak Crest Park, 75 AD2d 956).
Petitioners claim, however, that Judge Danella’s broad restriction arbitrarily deprives Mr. Rebeck and other defendants of their constitutional right to have a counsel of their own choosing. The Appellate Division, Fourth Department, has recently held that such a claim is cognizable in an article 78 proceeding (Matter of Moxham v Hannigan, 89 AD2d 300).
As to the merits of the petition, the court notes that the petitioners have secured from the Professional Ethics Committee of the New York State Bar Association an informal opinion as to the propriety of petitioners representing defendants in the Utica City Court. A portion of the committee’s opinion reads: “As this Committee held in N.Y. State 249 (1972), representation by an attorney of a patrolmen’s benevolent association and patrolmen indi vid *883 ually, concurrently with the attorney’s representation of criminal defendants in totally unrelated matters, does not itself involve the lawyer in compromising loyalties which would impair his independent professional judgment. If a patrolman-client were actually or potentially involved in the matter that is the subject of the criminal representation, however, a conflict would be presented that would make it improper for the attorney to undertake representation of the criminal defendant.”
On the other hand a County Attorney, such as in the Moxham case (supra), could not ethically represent defendants in criminal proceedings under Canon 9 of the Code of Professional Responsibility (Formal Opns of NY State Bar Assn, Nos. 367 [1974], 278 [1973], 257 [1972]). The reason is because the County Attorney is charged by statute with the duty to represent the District Attorney, the Sheriff and the Probation Department (County Law, § 501). As such, the County Attorney would be obliged to appear publicly as a representative of a county law enforcement agency.
The petitioners represent a bargaining union of police officers, not a law enforcement agency. Therefore, they could not reasonably be perceived by the public as representatives of the People (see Matter of Moxham v Hannigan, 89 AD2d 300, supra; cf. Formal Opns of NY State Bar Assn, Nos. 171 [1970], 257 [1972]).
Questions of possible conflicts of interest however should be decided on a case-by-case basis. Both the District Attorney and the petitioners are duty bound to alert the court to any circumstances they know about (beyond petitioners’ representation of the police union) that might present a conflict of interest.
The petition is granted.