*86 OPINION OF THE COURT
Norman A. Mordue, J.
Petitioner Salvatore F. Lanza, Esq. (hereinafter Lanza) is an attorney duly licensed to practice law in the State of New York. On January 2, 1990, Lanza was appointed as Town Attorney for the Town of Volney in the County of Oswego. The position of Town Attorney is a part-time position whose duties include, inter alla, the prosecution of violations of local ordinances. Petitioner William D. Prevost (hereinafter Prevost) retained Lanza to represent him in regard to certain criminal charges pending in the Town of Volney Justice Court (hereinafter Justice Court).
In February of 1990, Lanza appeared in Justice Court on behalf of private criminal defendants. He was informed by the respondents, David Rath and Joseph M. Anzalone, Town Justices for the Town of Volney (hereinafter Justice Rath and Justice Anzalone) that they were of the opinion that Lanza’s representation of private criminal defendants in Justice Court while he was also the town’s attorney could be a conflict of interest. In support of that position, Justice Rath showed Lanza Opinion 184 of the Professional Ethics Committee of the New York State Bar Association (hereinafter Ethics Committee). Justice Rath told Lanza that he would allow Lanza to practice criminal law privately in Justice Court while attorney for the Town of Volney if Lanza could find an opinion which supported his position. Thereafter, Lanza provided Justice Rath and Justice Anzalone with Opinion 70-284 (vol 26) of the State Comptroller of the State of New York.
In March of 1990, Justice Rath informed Lanza that it was still his opinion that there was a conflict of interest and provided Lanza with a copy of Opinion 544 of the Ethics Committee and informed Lanza that Lanza would not be allowed to represent private criminal defendants in Justice Court.[1]
*87 On July 23, 1990, both Justices Rath and Anzalone ordered that Lanza be precluded from the private practice of criminal law in Justice Court while he is also the Town Attorney for the Town of Volney. On September 6, 1990, Prevost was ordered by Justice Anzalone to obtain a different attorney to represent him on the pending criminal charges due to the conflict of interest created by Lanza’s representing both the Town of Volney and private criminal defendants.
The issue before this court is twofold. The first question is whether Lanza has a conflict of interest when he acts in the capacity of an attorney for a private criminal defendant while at the same time serving in his capacity as part-time Town Attorney. If the court answers this question in the affirmative, the second question is whether Prevost’s right to obtain counsel of his choice overrides that conflict of interest.
As to the first question, Lanza cites the case of Matter of Moxham v Hannigan (89 AD2d 300), in support of his position that he can represent Prevost while also representing the Town of Volney. In Moxham, the issue before the court was whether Moxham’s representation of private criminal defendants in County Court created an appearance of impropriety when he was also a part-time Assistant County Attorney. The Fourth Department noted that County Court’s prohibition regarding part-time Assistant County Attorneys’ representation of defendants in criminal proceedings was based on rulings of the Ethics Committee that such representation violated Canon 9 of the Code of Professional Responsibility. The lower court had relied on Ethics Committee Opinion 367 (1974), Opinion 278 (1973) and Opinion 257 (1972). Those opinions discuss the impropriety of a County Attorney’s representation of private criminal defendants while the County Attorney was also a representative of the People. The lower court in Moxham found that representation of a criminal defendant by a County Attorney is improper because the Code of Professional Responsibility enjoins lawyers to "promote public confidence in our system and in the legal profession” *88 and "avoid even the appearance of professional impropriety” (Code of Professional Responsibility, Canon 9, EC 9-1, EC 9-2).
On appeal, however, the Fourth Department found that Attorney Moxham should not be disqualified from representing the defendant in the criminal proceeding in question due to the lack of any substantial appearance of impropriety. Although Moxham was a part-time Assistant County Attorney, he represented the Social Services Department only, and had no other duties assigned to him by the County Attorney or the District Attorney. His representation of the Department of Social Services was only as a "Welfare Attorney” and his duties were limited to drafting of resolutions to be submitted to the County Legislature on behalf of the Department of Social Services. Thus, it was highly improbable that any member of the public would assume that Moxham’s retention in a criminal matter would gain his client any advantage in the criminal justice system. As such, the Fourth Department determined that there was no substantiation of an appearance of impropriety.
The facts in the case at bar are not analogous to those in Moxham (supra), however. In the instant case, Lanza represents the "People of the State of New York” when he prosecutes local ordinances in his capacity as Town Attorney. When he represents a private criminal defendant, he is defending against that same entity — the "People of the State of New York”. Thus, there is an overwhelming conflict of interest in the case at bar.
This court has found support for its position in Ethics Committee Opinion 544[2] which states that a governmental attorney should not allow himself to be seen as representing an interest adverse to the municipality that he represents. The opinion concluded that the municipality’s attorney should not undertake a criminal defense which would require him to appear before a Judge or other official of the locality that he represents. (Ethics Committee Opn 544 [1982].)
The opinion stated the rule as follows: "A part-time local attorney may undertake a criminal defense without conflict of interest or appearance of impropriety if (1) his statutory or other responsibility to prosecute criminal proceedings on behalf of the locality does not require him, in any case, to *89 prosecute any crimes or offenses designated as such by the Penal Law or any other law enacted by the Legislature of the State of New York (2) the defense does not require him to appear before a judicial or other official of the locality he publicly represents, (3) the local government unit by which he is employed, or a violation or a construction of one of its ordinances, is not involved, (4) the offense charged is unlike any of those which he prosecutes, and (5) the investigating officers and law enforcement personnel involved are not those with whom he associates as prosecutor.” (Emphasis added.)
In this case, the second provision of the rule has been violated by Lanza. The defense of the criminal action against Prevost requires Lanza to appear in Justice Court, and thus, appear before a judicial officer of the locality that he publicly represents. Therefore, this court finds that Lanza has a conflict of interest when he acts in the capacity of an attorney for a private criminal defendant while at the same time serving in his capacity as part-time Town Attorney.
The court must now determine the second question, that is, whether the right to counsel asserted by Prevost outweighs the disqualification of Lanza based upon a conflict of interest. The Fourth Department found in the Moxham case (supra) that "[t]he right to counsel of choice is not to be lightly or arbitrarily interfered with by a trial court * * *. [A]n attorney should not be disqualified from representing a criminal defendant unless there is a reasonable possibility that some specifically identifiable impropriety will occur, or where, in the light of the interests underlying the standards of ethics, the social need for the ethical practice outweighs the party’s right to counsel of choice.” (Matter of Moxham v Hannigan, 89 AD2d 300, 305, supra, citing United States v Kitchin, 592 F2d 900, 903, cert denied 444 US 843; People v Gomberg, 38 NY2d 307, 312-313; In re Taylor, 567 F2d 1183, 1191.)
However, a defendant’s right to counsel of his choice is not absolute. (Gandy v Alabama, 569 F2d 1318.) The trial court has the power and responsibility to regulate the conduct of the attorneys who practice before it. (United States v Dinitz, 538 F2d 1214.) The trial court has discretion as to whether the defendant’s Sixth Amendment right overrides the potential conflict of interest. The balance "between an individual’s right to his own freely chosen counsel and the need to maintain the highest ethical standards of professional responsibility * * * is essential if the public’s trust in the integrity *90 of the Bar is to be preserved.” (Emle Indus. v Patentex, Inc., 478 F2d 562, 565.)
In this case, the conflict of interest creates an appearance of impropriety of such magnitude and clarity that "[s]uch representation could lessen public confidence in the integrity and impartiality of our system of administering criminal justice.” (Matter of Moxham v Hannigan, 89 AD2d, supra, at 304.) Accordingly, Lanza is prohibited from representing Prevost in the criminal proceeding pending in the Justice Court in the Town of Volney.

. Lanza relies on Opinion 70-284 (vol 26) of the State Comptroller of the State of New York and a letter from the Department of Audit and Control dated November 22, 1978. Opinion 70-284 concludes that a Town Attorney may represent private clients, on matters not involving the town, before Justice Courts within said town. This Opinion was dated April 9, 1970. The November 22, 1978 letter of the State Comptroller discusses a 1970 unreported opinion of the Department of Audit and Control (File No. 70-421) in which it is stated "an attorney employed by a Town may also represent private litigants in Town Courts. Unless there is a conflict or inconsistency in the representation of private litigants in Civil, Criminal and Vehicle and *87 Traffic Cases, the Town Attorney * * * may represent private litigants in all cases in any Town Court. A Town Attorney, either as a Town Officer or as an independent contractor retained by a Town, should be accordingly guided by the Canons of Professional Ethics in the pursuit of any activity involving his professional responsibility” (emphasis added). This court notes that the State Comptroller is clearly deferring to the guidelines set out by the Canons of Professional Ethics, and accordingly, this court determines that the more recent opinion by the Ethics Committee takes precedence.

. Opinion 544 of the Ethics Committee modified Opinions 257 and 367, inter alla, which were relied upon by the Fourth Department in Matter of Moxham v Hannigan (89 AD2d 300).