**In the Matter of Ronald L. DAVIS.**

**No. 582S177.**

Supreme Court of Indiana.

Dec. 5, 1984.

Michael L. Rogers, North Vernon, for respondent.

Sheldon A. Breskow, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

This proceeding was commenced by the Disciplinary Commission of this Court under a single count complaint charging Respondent with violating Disciplinary Rules 2–110(B)(2), 5–105(A), and 1–102(A)(1), (5) and (6) of the *Code of Professional Responsibility for Attorneys at Law.* Pursuant to Admission and Discipline Rule 23, Section 11(d), the parties have now tendered to this Court a conditional agreement for discipline. Additionally, Respondent has filed the requisite affidavit under Section 17 of this rule.

Upon examination of the matters presented under this cause, this Court now accepts the tendered agreement and accordingly finds that the Respondent, a duly licensed attorney, was at all times relevant to this matter the Prosecuting Attorney for Jennings County. On August 22, 1980, the Respondent was informed by an Indiana State Police Trooper that he observed marijuana growing in the garden of Robert E. Moore, a Deputy Prosecuting Attorney in Jennings County. At Respondent's instruction, approximately thirty marijuana plants were seized. A consensual search of the residence of Moore was conducted and the Respondent, with the assistance of police authorities, confiscated marijuana from the garage and kitchen and marijuana seeds and a pipe containing marijuana from Moore's bedroom. Additional marijuana was later confiscated from Moore's residence, but subsequently was lost or destroyed.

On August 25, 1980, Respondent filed an information in the Jennings Circuit Court

charging Robert Moore with the unlawful possession of over thirty grams of marijuana. On August 27, 1980, Moore's son, David Moore, in the presence of his attorney, informed Respondent that the marijuana was his (David Moore's) and not his father's. On August 28, 1984, Respondent filed an information in the Jennings Circuit Court against David Moore charging him with possession of over thirty grams of marijuana. On September 4, 1980, Respondent moved for the dismissal of the charges against Robert Moore, which was granted and thereafter Respondent entered a plea agreement with David Moore wherein the charge was reduced to a misdemeanor. This plea bargain was accepted by the Court. Respondent did not seek the appointment of a special prosecutor to prosecute the alleged crimes of Robert or David Moore.

In view of the above findings of fact, this Court now further concludes that there is sufficient evidence to support a finding of professional misconduct as agreed by the parties, and we accordingly now so find.

Our rules of professional conduct are not fabricated in a vacuum; on the contrary, they are grounded on general experiences and are an expression of reasonable expectations. In this regard it is not unreasonable for a party in litigation to expect undivided loyalty in the representation of his cause. In fact, our system of dispute resolution is predicated on this proposition. This concept is so basic that our professional rules require the declination of employment whenever the exercise of professional judgment merely is likely to be adversely affected.

Respondent in this case represented the interests of the State in the resolution of a dispute involving alleged criminal conduct. Just as any other client, the State was entitled to undivided loyalty. To this Court, it is very likely that the State's interest would be adversely affected when professional judgments have to compete with personal associations such as in the present case. The Respondent should not have attempted to represent the State in this matter.

The parties to this proceeding have agreed that, under the circumstances present in this case, the appropriate discipline is a public reprimand. We agree. Therefore, by reason of the professional misconduct found under this cause, the Respondent is hereby reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.