**In the Matter of Vance W. CURTIS.**

No. 80S00–9212–DI–962.

Supreme Court of Indiana.

Oct. 10, 1995.

William F. Conour, Conour Doehrman, Indianapolis, for Respondent.

Donald R. Lundberg, Executive Secretary, Donna McCoy Spear, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM.

The Disciplinary Commission filed a verified complaint against Vance W. Curtis on December 10, 1992, alleging that Curtis violated Rule 1.7 of the *Rules of Professional Conduct for Attorneys at Law* by privately representing a client while at the same time involved, as prosecuting attorney, in an investigation and resolution of alleged criminal violations of that client.[1] "Ordinarily, a lawyer may not act as advocate against a client the lawyer represents in some other matter, even if the other matter is wholly unrelated." *Comment* to Prof.Cond.R. 1.7.

This Court appointed a hearing officer pursuant to Ind.Admission and Discipline Rule 23, Section 11, who, after full hearing, tendered his findings of fact and conclusions of law, recommending that a public reprimand "is the minimum appropriate sanction" given the violations committed. Neither the Commission nor Respondent Curtis has petitioned this Court for review of the hearing officer's report; thus, we accept and adopt the findings contained therein.

Accordingly, we now find that Respondent was admitted to the Bar of this state on May 17, 1976, and is therefore subject to the disciplinary jurisdiction of this Court. At all times relevant here, Respondent was the part-time elected prosecuting attorney of Tipton County, Indiana.[2] He also maintained a private law practice. In December 1987, the Indiana State Board of Tax Commissioners ("State Board") informed Respondent that it had become aware of possible Class D felonies committed by Gene Foust d/b/a Foust Motors Inc., ("Foust") of Tipton, Indiana. Tax officials believed that Foust had significantly undervalued personal property in his personal property tax returns in violation of state law. The State Board requested that Respondent investigate the matter and, if appropriate, file criminal charges and assist in recovering delinquent taxes and penalties from Foust.

In July, 1988, Respondent met with representatives of the State Board. They recommended initiation of criminal proceedings against Foust, based on results of the tax commissioners' investigation. They presented Respondent with documents suggesting Foust's engagement in criminal activity. Following the meeting, Respondent added Foust to a list of matters to be considered by a grand jury to be convened that fall. However, all other matters scheduled to be heard by the grand jury were subsequently resolved. Respondent chose not to convene the grand jury to hear only the Foust matter.

In early February 1990, the Respondent and Foust entered into an oral "precharge diversion agreement" through which Foust was to repay to Tipton County all delinquent personal property taxes, plus penalties and interest, and in return, Respondent would refrain from prosecuting Foust. The terms of the agreement were committed to writing in a letter Respondent sent to Foust on March 22, 1990. Foust accepted the agreement on March 24, 1990, agreeing to repay to Tipton County $80,785.85 in taxes, interest, and penalties. According to the specific payment schedule, Foust was to tender an initial payment of $20,000.00 on April 1, 1990, followed by ten monthly installments of $6,078.50. Foust remitted the initial payment on April 2, 1990. Subsequent payments of $6,078.50 were made on May 2, June 14, June 29, August 1, August 31, October 1, November 1, and December 30, 1990. Contrary to the terms of the agreement, Foust made no further payments until May

---

**1.** Rule 1.7 of the *Rules of Professional Conduct* provides, in relevant part:

    (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

      (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

      (2) each client consents after consultation.

    (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

      (1) the lawyer reasonably believes the representation will not be adversely affected; and

      (2) the client consents after consultation. . . .

**2.** For purposes of the *Rules of Professional Conduct*, a prosecutor's client is the state of Indiana. *See In re Davis* (1984), Ind., 471 N.E.2d 280, 281.

21, 1991, when he paid the remaining balance.

At about the same time the precharge diversionary agreement was negotiated, Respondent agreed to represent Foust in a small claims case pending in Miami Superior Court. He entered an appearance on February 5, 1990, and concluded his representation with a negotiated settlement leading to dismissal on May 18, 1990. On June 15, 1990, Respondent entered his appearance and filed a motion for continuance on behalf of Foust in a case pending before the United States District Court for the Southern District of Indiana. He withdrew his representation on August 16, 1990, after third generation counsel appeared for Foust. Between summer, 1990, and the early part of 1991, Respondent represented Foust in approximately eleven additional small claims cases. The times Respondent rendered some of that service coincided with the period during which Foust failed to remit installment payments pursuant to the precharge diversion agreement. At no time during his representation of Foust did Respondent engage in the consultations required by Professional Conduct Rules 1.7(a)(2) and (b)(2) with either Foust or the state of Indiana concerning concurrent representation.

In disciplinary matters, the Commission must prove violation of the *Rules of Professional Conduct* by clear and convincing evidence. Admis.Disc.R. 23(14)(f); *In re Oliver* (1986), Ind., 493 N.E.2d 1237. The Commission has met that burden here.

We find that the Respondent violated Prof. Cond.R. 1.7(a) by representing a client, the state of Indiana, when that representation was directly adverse to another client, Foust. We further find that Respondent violated Prof.Cond.R. 1.7(b) by representing a client, the state of Indiana, whose representation was, or at least was threatened to be,[3] limited by his responsibilities to another client, Foust. Respondent appeared for and actively represented Foust in multiple matters while at the same time exercising prosecuto-

rial authority over the Foust tax matter. The threat of material limitation of Respondent's responsibilities to the state was most evident during that period after Foust failed to timely remit his final installment payments, since Foust's failure to abide by the agreement activated Respondent's authority to file criminal charges.

We do not discipline Respondent for exercising prosecutorial discretion. Rather, the gravamen of Respondent's violation was his simultaneous representation of a client directly adverse to another client, threatening material limitation on his representation of one or both clients. Respondent's conduct, if anything, frustrates our hope that all prosecutors routinely exercise full prosecutorial discretion, because concurrent representation of this sort threatens to impede its full exercise. Thus, our holding today is meant to preserve and foster the exercise of prosecutorial discretion by ensuring an optimum environment in which to do so.

Having found misconduct, this Court must now assess an appropriate disciplinary measure. This analysis entails examination of relevant factors, including matters in aggravation and mitigation. *In re Thompson* (1993), Ind., 624 N.E.2d 466. In stipulated facts, the Commission and Respondent present several purported mitigating factors. In late 1989 or early 1990, a member of the State Board's staff informed Respondent that prosecuting Foust was not as important as recovering the delinquent taxes owed. Respondent apparently failed to present the Foust tax issue to a grand jury because he believed the matter did not warrant the time and expense involved, as all other scheduled grand jury matters had been resolved. Respondent believed that convincing a jury that a well-respected member of the community exercised the criminal intent needed to violate state tax law would be an expensive, time consuming and futile act, especially in light of his belief that collection of the taxes was more important than successfully prosecuting criminal charges.

---

**3.** Rule 1.7(b) provides that a lawyer shall not represent a client if that representation "may" be materially limited by responsibilities to another client. As such, the Rule does not require proof that representation was in fact materially limited, but only that there existed a threat of material limitation.

The hearing officer concluded that the stipulated facts did not directly mitigate Respondent's conduct, unless only to show a lack of direct harm to the state due to Respondent's successful collection of monies owed. We agree, and find that the purported mitigating factors relate only to Respondent's prosecutorial discretion, and therefore cannot justify a reduction in the degree of discipline imposed.

The respondent's acts breached a fundamental tenet of the lawyer-client relationship, that being loyalty. It should have been apparent to Respondent that declining to represent Foust during the investigation and, especially, during the pendency of the precharge diversion agreement, was the proper course of action. His misconduct discredits the legal system and generally taints the public's view of the integrity of the profession. However, we also note that there is no evidence of actual harm to either the state or Foust as a result of the concurrent representation, although the potential for harm existed. It does not appear that Respondent's simultaneous representation was motivated by personal gain, although if it had been, this Court would consider his violation much more severe.

We are therefore convinced that a period of suspension properly addresses Respondent's misconduct. It is, therefore, ordered that the Respondent, Vance W. Curtis, be suspended from the practice of law for a period of thirty (30) days, beginning November 17, 1995. Upon completion of such period of suspension, Respondent shall be automatically reinstated subject to Admis.Disc.R. 23, Section (4)(c).

Costs of this proceeding are assessed against Respondent.

SHEPARD, C.J., and SULLIVAN and SELBY, JJ., concur.

DeBRULER and DICKSON, JJ., dissent as to sanction, believing a period of suspension is unwarranted.