IN THE

SUPREME COURT OF INDIANA

IN THE MATTER OF ) 

) Case No. 45S00-9611-DI-721
 
 ANONYMOUS )

____________________________________________________________________________

DISCIPLINARY ACTION 

____________________________________________________________________________

Per Curiam

Lawyers who advertise that they are “specialists” in a particular area of the law must comply with the provisions of Ind.Admission and Discipline Rule 30.  The respondent in this disciplinary action failed to comply with those provisions and for that misconduct will receive a private reprimand.  Herein, we set forth the facts and circumstances of this case in order to educate the bar with respect to provisions regarding lawyer specialist certification, while preserving the private nature of the admonishment. 

The Commission charged the respondent with violating Rule 7.4(a) of the
 Rules of Professional Conduct for Attorneys at Law
 by claiming, in an advertisement, that he was a specialist in personal injury law when in fact he was not so certified. Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the respondent and the Commission have agreed that the respondent engaged in misconduct and that a private reprimand is an appropriate sanction.  That agreement is now before us for approval. 

The parties agree that in 1995, the respondent purchased advertising time on a radio station and provided text for an advertisement of his law office.  The text he submitted for the ad was culled from “canned” advertisements the respondent purchased from a legal periodical several years before. The respondent allowed his office manager to send the material to the radio station without first reviewing its contents.  On March 15, 1995, the radio station broadcast the advertisement, which stated that the respondent “specialize[d] in personal injury cases.”   At the time the advertisement aired, the respondent was not certified as a specialist in any area of the law under Ind.Admission and Discipline Rule 30. 

Indiana Professional Conduct Rule 7.4(a) provides that lawyers may not express or imply any particular expertise except that authorized by Prof.Cond.R. 7.4(b), which in turn allows certification as a specialist only when authorized by the provisions of Admis.Disc.R. 30.  Admission and Discipline Rule 30 provides, in relevant part:

Section 5.  Qualification Standards for Certification.
  (a) To be recognized as certified in a field of law in the State of Indiana, the lawyer must be duly admitted to the bar of this state, in active status, and in good standing, throughout the period for which the certification is granted. 

(b) The lawyer must be certified by an ICO [independent certifying organization] approved by CLE [Commission for Continuing Legal Education], and must be in full compliance with the Indiana Bar Certification Review Plan, the rules and policies of the ICO and the rules and  policies of CLE.

At the time the respondent’s radio advertisement aired, he was not certified as a specialist in the area of personal injury law pursuant to Admis.Disc.R. 30.  We therefore find that he violated Prof.Cond.R. 7.4(a) by expressing an expertise when he was not certified as a specialist pursuant to Admis.Disc.R. 30.

We find that a private reprimand is appropriate in this case largely because the respondent’s misconduct was unintentional.  The offending content of the advertisement made its way on air due to the respondent’s failure to review the material prior to submitting it to the radio station.  We therefore view his misconduct as less culpable than if he had knowingly submitted a wrongful advertisement.  

It is, therefore, ordered that the tendered
 Statement of Circumstances and Conditional Agreement for Discipline
 is approved, and accordingly, the respondent is to be given a private  reprimand. 

Costs of this proceeding are assessed against the respondent.