**In the Matter of Gregory Nelson HOLMES.**

**No. 10S00–9309–DI–1007.**

Supreme Court of Indiana.

Jan. 28, 2000.

Gregory Nelson Holmes, pro se for the Respondent.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

### PER CURIAM.

The respondent, Gregory Nelson Holmes, pleaded guilty to two counts of official misconduct. Today we approve a

*Conditional Agreement* between the respondent and the Disciplinary Commission calling for suspension of his law license for that misconduct.

Having been admitted to the bar of this state in 1987, the respondent is subject to our disciplinary jurisdiction. During relevant times, he was also admitted to the bar of the state of Kentucky.

Before us is the Commission and the respondent's *Statement of Circumstances and Conditional Agreement for Discipline,* submitted pursuant to Ind.Admission and Discipline Rule 23(11). In it, the respondent and the Commission stipulate to the following facts. The respondent was charged following a grand jury indictment in the circuit court of Jefferson County, Kentucky, with 15 Class D felony charges: one count of bigamy, one count of bribery of a public servant; and thirteen counts of theft by deception over $100. On June 3, 1993, he was convicted after a jury trial of bigamy, bribery of a public servant, and one count of theft by deception. Subsequently, the Court of Appeals for the Commonwealth of Kentucky reversed all of the respondent's convictions and remanded for a new trial. On March 22, 1999, the respondent entered a guilty plea to two counts of official misconduct in the second degree, both Class B misdemeanors. In the respondent's plea agreement, he admitted that

> while in his official duties of the [Kentucky] Attorney General's Office, [the respondent] had a relationship with an individual he stood in judgment of that appeared to influence his performance of that duty imposed upon him by law. Further,the [respondent] violated the rules and regulations of the Attorney

General's Office in not maintaining proper time records of his employment.

The Kentucky court sentenced the respondent to 100 hours of community service and 90 days probation, to be discharged upon successful completion of the community service.

On the basis of his initial criminal conviction on June 3, 1993, this Court suspended the respondent *pendente lite* on October 22, 1993, upon notice of conviction. *Matter of Holmes,* 621 N.E.2d 634 (Ind. 1993).[1] Following the Kentucky appellate court's overturning of that conviction, this Court on December 15, 1995, converted the suspension based upon the conviction to a suspension pending prosecution of this disciplinary proceeding.[2]

■ We find that the respondent violated Ind. Professional Conduct Rule 8.4(b) by committing criminal acts reflecting adversely on his honesty, trustworthiness or fitness as a lawyer in other respects. We also find that the respondent violated Prof. Cond.R. 8.4(c) by participating in conduct involving dishonesty, fraud, deceit or misrepresentation.[3]

■ Since we have found professional misconduct, we must now determine whether the proposed sanction is appropriate. In making that assessment, we consider the nature of the misconduct, the lawyer's state of mind which underlies the misconduct, actual or potential injury flowing from the misconduct, the duty of this Court to preserve the integrity of the profession, the risk to the public in allowing the respondent to continue in practice, and any mitigating or aggravating factors. *Matter of Lehman,* 690 N.E.2d 696 (Ind. 1997). The respondent and the Commis-

---

1. Indiana Admission and Discipline Rule 23(11.1)(a).

2. Indiana Admission and Discipline Rule 23(11.1)(b).

3. Prof. Cond.R. 8.4 provides in relevant part: It is professional misconduct for a lawyer to: ...

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

sion agree upon a sanction consisting of a suspension from the practice of law for a period of not less than six months, with credit for the time he has been suspended *pendente lite.*

The respondent betrayed the public's trust in two ways. First, he failed objectively to discharge the duty imposed upon him by law while acting as a lawyer for Kentucky's attorney general. That failure arose directly from his personal relationship with an individual over whom he stood in judgment. When it became clear that the respondent's objectivity was threatened, as an attorney he was obligated to remove himself from the matter. The respondent did not withdraw, and instead acted in the matter despite the fact that the relationship "appeared to influence his performance ..." Second, he failed to keep proper time records while acting for the public and while being paid with public funds. Each instance of his official misconduct includes attendant deception: in the case of his conflict of interest by clandestinely permitting the resolution of a public legal matter to be influenced by his personal relationship, and in the second instance by knowingly "not maintaining" proper time records. This deception is made more egregious by the context in which it occurred – that is, in his role as a public servant.

■ Given the respondent's breach of the public's trust and his apparent propensity for deception, we would reject a six-month suspension as too lenient absent the unique circumstances of this case. The respondent has been suspended *pendente lite* by this Court's order from the practice of law in Indiana for the past six years. Under the terms of the agreement now before us, the respondent will not be able to practice law in Indiana until he formally petitions for reinstatement to the Indiana bar pursuant to Admis.Disc.R. 23(4) and proves, among other things, that he can be safely recommended to the bar and public. Given those factors and our policy favoring agreements between the Commission and

attorneys facing disciplinary charges, we find that the sanction proposed by the parties adequately addresses the respondent's misconduct and protects the public. We note, however, that any reinstatement proceeding will explore in detail the seriousness of the specific acts leading to the respondent's convictions and whether, in light of that conduct, reinstatement is appropriate.

Accordingly, we order that the respondent be suspended from the practice of law for a period of not less than six months, effective immediately, with credit given for the time during which the respondent has been suspended *pendente lite.* To be reinstated to the practice of law in this state, the respondent must satisfy the requirements and conditions of Admis.Disc.R. 23(4).

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.