In the Matter of Darren T. COLE.

**In the Matter of Scott C. Cole.**

Nos. 49S00–9801–DI–2, 49S00–9801–DI–3.

Supreme Court of Indiana.

Nov. 6, 2000.

Stephen Gerald Gray, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Dennis K. McKinney, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

These attorney disciplinary cases are the product of separate verified complaints for disciplinary action filed by the Commission alleging misconduct connected with the respondents' yellow pages advertisement for legal services and other attendant misconduct. Pursuant to this Court's order granting the Commission's subsequent motion to consolidate the actions, the hearing officer appointed by this Court to hear evidence in these matters conducted a joint evidentiary hearing on both complaints and now has tendered to this Court his findings of fact and conclusions of law. Neither the Commission nor the respondents petitioned for review of the hearing officer's report; accordingly, we adopt the factual findings contained therein and conclude that each respondent engaged in misconduct and that discipline is warranted.

We now find that Scott Cole was admitted to the bar of this state in 1994; Darren Cole in 1995. Scott served as a full-time deputy prosecuting attorney in Johnson County from January 1, 1996, through January 15, 1997. His employment agreement did not prohibit his private practice of law, to the extent it did not result in a conflict of interest with his duties as a prosecuting attorney. During certain periods, Darren associated with him in private law practice.

## I. Attorney Advertising Violations

■  Between August 1996 and December 1996, Scott practiced law with Darren under the name "Cole Law Offices." They took out several advertisements in the 1996 Ameritech Yellow Pages, under the name Cole Law Offices. One advertisement contained individual color photographs of each. The caption beneath Darren's photo provided, "Divorce and Family Law," "Criminal Defense," "Drunk Driving/DUI," "Juvenile Law," and "Bankruptcy." Scott's photo was accompanied by the notations "Prosecutor Johnson County," "Tax Law," "Insurance Law," "Debt Collections," and "Wills & Estates." Another advertisement identified Scott as "Johnson County Prosecutor."

Indiana Professional Conduct Rule 7.1(b) provides:

A lawyer shall not, on behalf of himself, his partner or associate or any other lawyer affiliated with him or his firm, use, or participate in the use of, any

form of public communication containing a false, fraudulent, misleading, deceptive, self-laudatory or unfair statement or claim.

Professional Conduct Rule 7.1(c) provides:

Without limitation a false, fraudulent, misleading, deceptive, self-laudatory or unfair statement or claim includes a statement or claim which:

(1) contains a material misrepresentation of fact;

(2) omits to state any material fact necessary to make the statement, in the light of all circumstances, not misleading;

(3) is intended or is likely to create an unjustified expectation;

(4) states or implies that a lawyer is a certified or recognized specialist other than as permitted by Rule 7.4;

(5) is intended or is likely to convey the impression that the lawyer is in a position to influence improperly any court, tribunal, or other public body or official;

(6) contains a representation or implication that is likely to cause an ordinary prudent person to misunderstand or be deceived or fails to contain reasonable warnings or disclaimers necessary to make a representation of implication not deceptive.

By identifying himself in the Yellow Pages advertisement as "Prosecutor" of Johnson County when in fact he was an appointed deputy prosecutor, Scott provided a false, misleading, and deceptive statement in that it contained a material misrepresentation of fact.

Professional. Conduct Rule 8.4(c) provides that a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. Scott violated that provision by allowing himself to be identified as the "Prosecutor" of Johnson County in the advertisement when in fact he was not the elected prosecutor.

■ Darren and Scott violated Prof. Cond.R. 8.4(d), which prohibits conduct prejudicial to the administration of justice, by suggesting in the advertisement that, due to Scott's identification as the Johnson County Prosecutor, employing the Cole Law Offices to defend criminal matters could result in more favorable treatment by the state in its prosecution.

## II.  Conflict of Interest

■ On June 14, 1996, Darren appeared as counsel for a defendant charged with juvenile delinquency. Darren appeared in court in connection with that matter on August 12, 1996. On August 26, 1996, Darren again appeared in court representing the defendant during a dispositional hearing in the juvenile delinquency case. On August 13, 1996, Darren became a deputy prosecuting attorney in Tippecanoe County, was sworn into that position during February 1997, and held the position through March 31, 1998.

■ As a deputy prosecutor of Tippecanoe County, Darren served a public trust to enforce the law. *Matter of Moore*, 453 N.E.2d 971, 974 (Ind.1983). The state is entitled to a prosecutor's undivided loyalty. *Matter of Davis*, 471 N.E.2d 280 (Ind.1984). For example, the requirement of loyalty to a particular client prohibits a part-time prosecutor or deputy prosecutor from defending in this state persons charged with crimes. *See, e.g., Indiana State Bar Association, Legal Ethics Subcommittee*, Op. 2 (1972); Op. 1 (1977); Op. 6 (1978); Op. 6 (1985). *See also* Richard H. Underwood, *Part-time Prosecutors and Conflicts of Interest: A Survey and Some Proposals*, 81 Ky.L.J. 1, 37–39 (1992–3). In the delinquency case, the state of Indiana, the respondent's own client while he served as a deputy prosecuting attorney, was the adverse party. As such, his representation of a defendant in the delin-

quency case while serving as a deputy prosecutor violated Prof.Cond.R. 1.7.[1,2]

### III. Response to Commission Inquiry

■ On November 25, 1996, the Commission filed a grievance against Darren, referring to the possibility of a conflict of interest due to the Cole Law Office advertisement which identified Scott as a prosecutor and the office's acceptance of "Criminal Defense" and "Drunk Driving/DUI" cases. In response to notification of the grievance, Darren stated that the only cases in which he had been involved that even closely resembled criminal or infraction cases were the juvenile case and a restricted license case (see footnote 2, *infra*). He added: "Both cases were resolved well before the advertisement came out and before I was sworn in as a Tippe-canoe County Deputy Prosecutor." In fact, Darren was attorney of record in both cases after he began work as a deputy prosecutor for Tippecanoe County, despite the fact that he was not formally sworn in as a deputy prosecutor until February 1997.

Professional Conduct Rule 8.1(b) provides that an attorney shall not fail to disclose facts necessary to correct a misapprehension known by him to have arisen in connection with a disciplinary matter. By failing to advise the Commission that he actually began work as a Tippecanoe County deputy prosecutor on August 13, 1996, prior to his formal swearing in, and disclosing only that both cases were resolved well before he was sworn in, Darren violate the rule.

1. Indiana Professional Conduct Rule 1.7 provides:

   (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
   (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
   (2) each client consents after consultation.
   (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
   (1) the lawyer reasonably believes the representation will not be adversely affected; and
   (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

   We note that in its charges, the Commission alleges that Darren's defense of the alleged delinquent violated Prof.Cond.R. 1.10(a), which imputes Scott's Prof.Cond.R. 1.7 conflict of interest (due to his capacity as a deputy prosecutor) to Darren based on their private law practice association. We find such a violation, but also find Darren's direct conflict described above.

2. On August 12, 1996, Darren filed a petition in Hendricks Circuit Court to establish a restricted drivers license on behalf of a client he represented privately. Statute requires the prosecuting attorney of the county where the petitioner resides be named as a defendant. Darren named the prosecuting attorney of Hendricks County as a defendant in the case, along with the county sheriff and the commissioner of the Indiana Bureau of Motor Vehicles. On August 26, 1996, Darren appeared in court representing the petitioner seeking a restricted drivers license.

   The Commission charged, and the hearing officer found, that by representing the client while serving as a deputy prosecutor, Darren violated Prof.Cond.R. 1.8(k), which prohibits a part-time prosecutor or part-time deputy prosecutor authorized by statute to otherwise engage in the practice of law from representing a private client in any matter wherein exists an issue upon which said prosecutor has statutory prosecutorial authority or responsibilities. Indiana Code Section 9–24–15–4 provides that a verified petition for issuance of a restricted driver's license because of hardship must be filed in the circuit court of the county in which the petitioner resides, and that the prosecuting attorney of that county shall appear and be heard by the court in the petition. Since the office of the prosecuting attorney of Tippecanoe County had no statutory prosecutorial responsibility in the non-criminal hardship license case pending in Hendricks County, we conclude that under the specific language of Prof.Cond.R. 1.8(k) no violation occurred. However, based on the analysis pertaining to the respondent's representation of the alleged delinquent, Darren's representation of the petitioner may have violated Prof.Cond.R. 1.7, had such a violation been charged.

### IV. Practicing Law While on Inactive Status

 Darren filed an *Exemption Affidavit* with the Clerk of the Supreme Court of Indiana on February 21, 1996, stating that he would not engage in the practice of law in Indiana and that he would not hold any judicial office. He requested exemption from payment of the required annual registration and continuing legal education fees and from the continuing legal education requirements. *See* Ind.Admission and Discipline Rule 23(21)(b)(2). On December 23, 1996, Darren notified the Clerk that he desired to return to active status, and paid the required registration fee. During the interim, Darren represented clients, associated in a law practice with his brother, and even accepted employment as a deputy prosecutor. By so doing, he violated Prof.Cond.R. 5.5(a) by practicing law in a jurisdiction where doing so violated the regulation of the legal profession in that jurisdiction.

### V. Sanction

Having found misconduct, we must now assess appropriate discipline. In so doing, we consider the nature of the misconduct and any mitigating or aggravating factors. We also examine the facts surrounding the misconduct, the respondents' states of mind, the duties which were violated, the actual or potential injury to clients, and the risk to the public. *Matter of Drozda*, 653 N.E.2d 991 (Ind.1995). The hearing officer recommended a 30 day suspension for Darren and a public reprimand for Scott.

Scott's transgressions consisted of knowing false lawyer advertising. For first offenses, advertising violations have usually resulted in private reprimands. *See, e.g., Matter of Anonymous*, 689 N.E.2d 434 (Ind.1997) (advertisement that identified lawyer as "specialist" where lawyer not certified as such). Given the circumstances attendant to Scott's misconduct, we conclude that a public reprimand is appropriate. Darren's transgressions were more numerous and, because they included a disingenuous response to the Commission and his failure to abide by licensing requirements, require a more stringent sanction. Accordingly, we conclude that a thirty-day suspension is appropriate.

It is, therefore, ordered that Scott C. Cole is hereby reprimanded and admonished for the misconduct set forth herein.

It is ordered further that Darren T. Cole be suspended from the practice of law in this state for a period of thirty (30) days, beginning December 18, 2000, at the conclusion of which he shall be automatically reinstated.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against respondent.