**In the Matter of ANONYMOUS (Two Cases).**

Nos. 45S00–0301–DI–13, 45S00–0301–DI–14.

Supreme Court of Indiana.

March 4, 2003.

## DISCIPLINARY ACTION

PER CURIAM.

 The Indiana Supreme Court Disciplinary Commission charged the two attorneys subject to this action with violating the *Rules of Professional Conduct for Attorneys at Law* by advertising themselves as "specialists" when they had not been certified as such. Pursuant to Ind.Admission and Discipline Rule 23(11), the respondent attorneys have agreed with the Commission that they should be privately reprimanded for their faulty advertisement. We conclude today that a private reprimand is appropriate in this case, and therefore accept the *Statement of Circumstances and Conditional Agreement for Discipline* the parties have tendered to us for approval in each case.

The facts underlying the present agreement are as follow: The respondents practice law together. They placed an advertisement for their law firm, announcing the addition of one of the respondents as a new member of the firm, in the 2001–2002 edition of a small, privately-owned directory service published in northwest Indiana. The ad prominently included the words "Elder Law Specialists."

In order for an attorney in this state to hold herself out to the public as a "specialist," the attorney must be certified as such pursuant to the provisions of Admis.Disc.R. 30. That rule provides, in relevant part:

Section 5. Qualification Standards for Certification.

(a) To be recognized as certified in a field of law in the State of Indiana, the lawyer must be duly admitted to the bar of this state, in active status, and in good standing, throughout the period for which the certification is granted.

(b) The lawyer must be certified by an [independent certifying organization] approved by [the Commission for Continuing Legal Education], and must be in full compliance with the Indiana Bar Certification Review Plan, the rules and policies of the ICO and the rules and policies of CLE.

Section 6. Privileges Conferred and Limitations Imposed.

(a) A lawyer who is certified under this rule may communicate the fact that the lawyer is certified by the ICO as a specialist in the area of law involved. The lawyer shall not represent, either expressly or impliedly, that the lawyer's certification has been individually recognized by the Indiana Supreme Court or CLE, or by an entity other than the ICO.

The respondents were not certified as "Elder Law Specialists" pursuant to Admis.Disc.R. 30. Because the respondents advertised themselves as specialists when in fact they had not been so certified, we find that they violated Ind.Professional Conduct Rule 7.1(b) by using or participating in the use of a form of public communication containing a false, fraudulent, misleading, deceptive, self-laudatory or unfair statement or claim. Within the non-exclusive list of such statements or claims is any statement or implication that "a lawyer is certified or recognized as a specialist other than as permitted by Rule 7.4." Prof. Cond.R. 7.1(c)(3). Rule 7.4 provides, in relevant part, that a lawyer may communicate that the lawyer is certified as a spe-

cialist in a field of practice when the certification and communication are authorized under Admis.Disc.R. 30. Prof.Cond.R. 7.4(b). A lawyer is not prohibited from communicating the fact that the lawyer does or does not practice in particular fields of law, but may not express or imply any particular expertise except as otherwise provided in Prof.Cond.R. 7.4(b). Prof.Cond.R. 7.4(a). The purpose of this formalized system of specialist recognition is stated in Admis.Disc.R. 30:

> (a) [To] enhance public access to and promote efficient and economic delivery of appropriate legal services;
>
> (b) assure that lawyers claiming special competence in a field of law have satisfied uniform criteria appropriate to the field;
>
> (c) facilitate the education, training and certification of lawyers in limited fields of law;
>
> (d) facilitate lawyer access to certifying organizations;
>
> (e) expedite consultation and referral; and
>
> (f) encourage lawyer self-regulation and organizational diversity in defining and implementing certification of lawyers in limited fields of law.

In support of their assertion that a private reprimand is an appropriate sanction for the misconduct here, the respondents and the Commission note that the advertisement appeared in a publication with an extremely limited audience and that the ad generated no legal work for the respondents. Further, after learning of the grievance generated by their ad, the respondents promptly discontinued its use, leading us to conclude that their violation of Prof.Cond.R. 7.1 here was not intentional. We also note that this Court has imposed a private reprimand for almost identical misconduct. *See, e.g., Matter of Anonymous,* 689 N.E.2d 434 (Ind.1997)

(lawyer advertised on radio that he was a "personal injury specialist"; violation of the rule found to be "unintentional."); *Cf. Matter of Wilkinson,* 770 N.E.2d 825 (Ind. 2002) (public reprimand imposed pursuant to agreed resolution for lawyer who advertised in yellow pages as "Bankruptcy & Debt Specialist"). In light of these considerations, we conclude that the respondents should be privately reprimanded.

Costs of these proceedings are assessed against the respondents.