**In the Matter of Patrick S. RYAN, Respondent.**

**No. 20S00–0402–DI–84.**

Supreme Court of Indiana.

March 31, 2005.

Pro se, Attorney for the Respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, IN, Attorney for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM.

Today, we find that the respondent, Patrick S. Ryan, violated Ind. Professional Conduct Rule 1.7(b) by operating a business that obtained international driver's licenses for individuals charged in the Goshen City Court with driving license offenses, while at the same time serving as a part-time deputy prosecutor in that court. For his misconduct, we further find that respondent should be suspended from the practice of law for nine (9) months.

The following facts are admitted. At all relevant times respondent was a part-time deputy prosecutor in Elkhart County assigned to the Goshen City court. Respondent observed that many Latino motorists were being charged in the Goshen City court with driving without licenses (a class C misdemeanor) or without a license in possession (a class C infraction). As a general practice, the court permitted the state to reduce the original charge to a lesser charge or an ordinance violation, if the defendant provided proof of obtaining a valid license.

Respondent, along with his wife, started a business venture, Legal Licensing Limited (LLL), aimed at obtaining "international driver's licenses" for individuals at a cost of $275. His wife was LLL's only employee, with an office in the respondent's law office. Respondent enlisted the city court's interpreter to. recruit (for $20 each) customers for the new business. The interpreter assisted respondent in preparing a set of instructions and proce-

dures for obtaining international driver's licenses and she helped explain LLL's services to defendants in the Goshen City court. The interpreter would collect a $100 initial payment from a defendant and pass it on to respondent, often near the court. After an international driver's license was obtained, respondent would exchange it with the court interpreter for the balance owed by the defendant. The interpreter then delivered the license to the defendant. The defendant would then present the license to respondent in court and, in return, respondent would amend the initial charge to a lesser charge. Respondent collected over $20,000 in fees from about 150 customer/defendants between October 2000 and December 2001. On January 15, 2002, respondent resigned as a deputy prosecuting attorney after meeting with the prosecutor concerning his involvement and participation with LLL.

■ We find that the admitted facts clearly and convincingly establish that respondent violated Ind. Professional Conduct Rule 1.7(b), which prohibits a lawyer from representing a client if the representation of the client may be materially limited by the lawyer's own interests. In this case, respondent's duties as a deputy prosecutor conflicted with his interests related to his business, LLL.

■ Having found professional misconduct, we must now determine the appropriate discipline. In making this determination, we consider the nature of the misconduct, the lawyer's state of mind which underlies the misconduct, actual or potential injury flowing from the misconduct, the duty of this Court to preserve the integrity of the profession, the risk to the public in allowing the respondent to continue in practice, and any mitigating or aggravating factors. *Matter of Lehman,* 690 N.E.2d 696 (Ind.1997). As a deputy prose-

cutor, respondent served a public trust to enforce the law and the state was entitled to his undivided loyalty. *Matter of Cole,* 738 N.E.2d 1035 (Ind.2000). Respondent's conduct breeds mistrust and lack of confidence in the judicial system. He used his position as a deputy prosecutor to obtain a significant financial windfall for himself. By serving both as prosecutor and as intermediary for those seeking a favorable plea agreement, respondent gave the impression that justice could be bought. As a public officer charged with the administration of justice, respondent's behavior had the capacity to bolster or damage the public's perception of the criminal justice system. *Matter of Seat,* 588 N.E.2d 1262 (Ind.1992). Unfortunately, respondent chose to follow a path that damaged the perception of the administration of justice. By conducting a business that impacted upon his resolution of traffic violations, respondent violated the public's trust. This is serious misconduct, which cannot be ignored. *Matter of Curtis,* 656 N.E.2d 258 (Ind.1995) (dual representation of client in small claims matter and of state in criminal investigation of client's delinquent taxes warranted 30 day suspension); *Matter of Holmes,* 722 N.E.2d 818 (Ind.2000) (two counts of official misconduct that included permitting a personal relationship to influence duties with Attorney General's office warranted six month suspension without automatic reinstatement); *Matter of Hughes,* 640 N.E.2d 1065 (Ind.1994) (submitting false reimbursement claims for attending conferences and continuing legal education seminars while serving as city court judge, resulting in felony convictions, warranted disbarment).

Though respondent has admitted his violation, in an attachment to his affidavit of consent to discipline he demonstrates his failure to grasp the magnitude of his misconduct. The attachment speaks to the

validity of international driver's licenses and the propriety of accepting them .in reaching a plea agreement with defendants in the court he served. Respondent does not seem to recognize the inappropriateness of prosecuting defendants and simultaneously providing a business service to them designed to obtain a favorable result in the prosecution.

In light of the above considerations, we conclude that the respondent should be suspended from the practice of law for nine months. It is therefore, ordered that respondent, Patrick S. Ryan, is hereby suspended from the practice of law for a period of not less than nine (9) months commencing May 8, 2005, and at the conclusion of which the respondent may petition this Court for reinstatement to the practice of law. In addition to the requirements set forth in Ind. Admission and Discipline Rule 23, Section 4, the respondent will also be required to demonstrate as a condition of reinstatement that he understands the seriousness of his malfeasance and that he is fit to return to the practice of law. Costs of this proceeding are assessed against the respondent.